# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**In the matter of**
**BULK PETROLEUM CORPORATION, et al.,**

                Debtors,        **Bankruptcy Case No. 09-21782-11-SVK**
                                             **Adversary Case No. 10-02671-SVK**

**BULK PETROLEUM CORPORATION,**

                Plaintiff,

                                                               **Case No. 11-C-28**

    **-vs-**

**MT. EVEREST REAL ESTATE HOLDING**
**COMPANY, LLC,**

                Defendant.

# DECISION AND ORDER

Bulk Petroleum Corporation is in Chapter 11 bankruptcy proceedings. At a foreclosure sale, Mt. Everest Real Estate Holding Company ("Mt. Everest") was the prevailing bidder for a gasoline station, owned by one of Bulk's co-debtors, located at 1301 W. Morgan Avenue, Milwaukee, Wisconsin. On December 9, 2010, Bulk Petroleum filed an adversary claim against Mt. Everest seeking to obtain possession of underground storage tanks and related gasoline equipment located on the Morgan Avenue property. Mt. Everest now moves to withdraw the reference of the adversary proceeding from bankruptcy court to the district court.

This judicial district maintains a standing order of reference for all bankruptcy cases to the U.S. Bankruptcy Court for the Eastern District of Wisconsin. 28 U.S.C. § 157(a). The "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. 157(d). This is known as "permissive withdrawal." Mt. Everest does not move to withdraw the reference pursuant to the "mandatory withdrawal" provision. § 157(d) ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce").

However, Mt. Everest asserts its constitutional right to a jury trial on the underlying adversary claims. Bankruptcy courts can conduct jury trials with the express consent of the parties, 28 U.S.C. § 157(e), but Mt. Everest insists on a jury trial before an Article III district judge. The constitutional right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992) (where a "jury trial is required by the Seventh Amendment, that trial must be held in the district court, sitting in its original jurisdiction in bankruptcy"); *Vista Metals Corp. v. Metal Brokers Intern. Inc.*, 161 B.R. 454, 456 n.2 (E.D. Wis. 1993); *Roberds, Inc. v. Palliser Furniture*, 291 B.R. 102, 104-05 (S.D. Ohio 2003). District courts retain discretion over the precise timing of the withdrawal because a "rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory

scheme governing the relationship between the district courts and bankruptcy courts." *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992). However, the failure to withdraw the reference once the case is ready for trial would likely be an abuse of discretion if the right to a jury trial under the Seventh Amendment is implicated.

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L. Ed. 732 (1830)). Bulk's adversary complaint seeks the return of personal property. Although Bulk does not label it as such, this is an action for replevin. Wis. Stat. ch. 810; Fed. R. Civ. P. 64(b); Bankruptcy Rule 7064; *Smith v. Wisconsin Inv. Co.*, 89 N.W. 829, 831 (Wis. 1902) (allegation of ownership and wrongful detention sufficient to aver replevin). Replevin is a commonly recognized legal remedy. *Centurion Reinsurance Co., Ltd. v. Singer*, 810 F.2d 140, 144 (7th Cir. 1987) ("An order of replevin, like an ordinary money judgment, is a legal rather than an equitable remedy . . ."); *Granfinanciera*, 492 U.S. at 44 ("If the subject matter is a chattel, and is still in the grantee's

possession, an action in trover or replevin would be the trustee's remedy; . . . Such actions at law are as available to the trustee to-day as they were in the English courts of long ago").[1]

Therefore, the reference must be withdrawn to preserve Mt. Everest's right to a jury trial. The only question is whether the reference should be withdrawn now or at some point in the future. In January, Judge Kelley set a discovery deadline (March 1) and a dispositive motion deadline (March 11). Judge Kelley also scheduled a final pretrial conference for March 14. To date, no motions have been filed and the parties do not anticipate contentious discovery issues or the filing of dispositive motions. The Court considered the option of leaving this matter with the bankruptcy court at least until the expiration of these deadlines. However, Bulk's adversary complaint is a non-core proceeding,[2] which means that any dispositive rulings by the bankruptcy court would be subject to *de novo* review here in the district court. 28 U.S.C. § 157(c)(1); *In re Adelphi Inst., Inc.*, 112 B.R. 534, 539 (S.D.N.Y. 1990). There is nothing to be gained by delaying withdrawal in anticipation of a dispositive ruling that is probably not forthcoming and which would be subject to *de novo* review in any event. *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992) ("Under these circumstances, a referral appears to be a futile detour, requiring substantial duplication of judicial effort and needlessly burdening an already overcrowded docket in the Bankruptcy

---

[1] Importantly, Mt. Everest did not voluntarily submit to the bankruptcy court's equitable jurisdiction by filing a claim against the estate. *Langenkamp v. C.A. Culp*, 498 U.S. 42, 44-45 (1990).

[2] As discussed above, Bulk's claims are common law claims which would "exist irrespective of the bankruptcy environment." *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997). Bulk argues that this a core "turnover" proceeding, 28 U.S.C. § 157(b)(2)(E), but such is not the case when, as here, "there exists a legitimate dispute over ownership of the property." *In re CIS Corp.*, 172 B.R. 748, 760 (S.D.N.Y. 1994).

-4-

Court"); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997). Most importantly, this case is very nearly trial-ready, and it requires the presence of an Article III district judge sooner rather than later.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Mt. Everest's motion to withdraw the reference [D. 1] is **GRANTED**;

2. The Court adopts Judge Kelley's discovery deadline (**March 1, 2011**); and

3. The Court will conduct a telephonic status conference on **March 14, 2011** at **1:30 p.m. (CST)**. The Court will initiate the call. The purpose of the conference will be to set this matter for trial on the Court's calendar. The parties should also be prepared to discuss the necessity of dispositive motion practice.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2011.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**