# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BULK PETROLEUM CORPORATION,**

          **Plaintiff**,

          v.                                                                                     Case No. 11-C-0028

**MT. EVEREST REAL ESTATE**
**HOLDING COMPANY, LLC,**

          **Defendant**.

---

**In the Matter of:**

**BULK PETROLEUM CORPORATION,**           Bankr. Case No. 09-21782-11-SVK
*et al.*,                                                            Adv. Case No. 10-02671-SVK

          **Debtors.**

---

## PLAINTIFF BULK PETROLEUM'S MOTIONS IN LIMINE
---

The Plaintiff, Bulk Petroleum Corporation ("Bulk"), pursuant to E.D. Wis. Local Rule 7 and FRCP 7 hereby moves the Court regarding the following motions in limine.

_____

Counsel have exchanged a proposed stipulation of facts. Undersigned has sought to reach an agreement on the nature of the facts that are properly at issue in this matter including what elements are properly tried in this case as well as what actual personal property is in dispute. Counsel for defendant terminated any discussions regarding that issue as of yesterday. Thus, as

Joseph R. Cincotta
Justin M. Mertz
Jerome R. Kerkman
Kerkman & Dunn
757 North Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414. 277.8200
Facsimile: 414.277.0100
Email: jcincotta@kerkmandunn.com

referenced in Bulk's pre-trial report, Bulk requests the Court's review of the following motions in limine.

   1. *Motion in Limine – Elements*

That no evidence or testimony is required by any party to the purpose of proving the irrelevant elements of replevin including (1) the value of the personal property at stake or (2) that the defendant is retaining the property, improperly or otherwise. The first element of replevin is a right to the property. That element is encompassed by proof of whether the disputed items are fixtures. If they are then the State Bank of Chilton was entitled to foreclose upon them, did so and they were purchased by the Defendant at Sheriff's sale. If they are not fixtures, then they were not foreclosed upon and remain property of the bankruptcy estate.

The law cited by defendants and agreed to by the parties is that addressing whether the items of personal property at issue should be deemed fixtures of the real property or not. The elements that must be shown to make what is otherwise personal property into a fixture is as described by the parties in previous filings and repeated below:

> Whether articles of personal property are fixtures, i.e., real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold.'
> …..
> It is the application of these tests to the facts of a particular case which will lead to a determination of whether or not an article, otherwise considered personal property, constitutes a common-law fixture, and hence takes on the nature of real property.

*Premonstratensian Fathers v. Badger Mutual Insurance Co.,* 46 Wis.2d 362, 367 (1970).

Bulk, as Debtor, has the protection of the automatic stay in 11 U.S.C. § 362 and can seek turnover of property of the estate through §541. Bulk is not required to prove the personal property is being retained by Mt Everest (though that is obvious) nor the current used/discounted value of the property at issue (Gas pumps, Canopy, Signage).

The parties agree that the elements of fixture are what is being tried in this matter and a pre-trial ruling clarifying that will assist the parties and the Court in preparing for and streamlining the presentation of evidence at trial.

## 2. *Motion in Limine – Personal Property in Dispute*

The State Bank of Chilton acknowledged during the foreclosure proceeding that any interest it had to any fixtures ran only to the equipment and personal property outside of the convenience store building. Counsel for the Bank explained that:

> As to the personal property, we don't believe there is anything of value. We take the position that the fuel dispensers, underground tanks, canopies and signage are attached to the real estate and are fixtures. However, if you want them you can have them

(See Exhibit B May 26, 2010 letter from Counsel for Bank, see also Exhibit B earlier May 10, 2010 letter)

Counsel later reversed that position but only as to the gas pumps, canopy, signage and USTs (See Copies of Letter from Counsel for Bank at Exhibit C.)

Bulk is not seeking the USTs. That leaves only the Gas Pumps, Canopy, and Signage at issue for trial.

Mt. Everest was aware of the nature and scope of the Bank's foreclosure as only covering the items outside of the gas station building as described above. It is further aware of and bound by the State Court Confirmation of Sale order, which ruled that Mt. Everest took only fixtures as so determined as part of the Bankruptcy case and only regarding:

> The Court will defer entry of any order regarding the disputed items including but not limited to dispenser of petroleum, the tank monitoring system, POS system and underground storage tank and canopy and signage.

(See Exhibit D; Transcript of November 1, 2010 confirmation of sale hearing at fifth page of transcript.)

Bulk requests that the Court limit the personal property at issue in this matter as described above. Evidence regarding only that property should be the subject matter of the trial should this matter proceed.

Dated: August 18, 2011.

                                                */s/ Joseph R Cincotta*
                                                Jerome R. Kerkman
                                                Joseph R. Cincotta
                                                Justin M. Mertz
                                                Kerkman & Dunn

                                                Attorneys for Bulk Petroleum Corporation,
                                                Plaintiff-Respondent

<u>P.O. Address:</u>

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jcincotta@kerkmandunn.com