UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

In the Matter of:

BULK PETROLEUM CORPORATION, et al().    Bankruptcy Case No. 09-21782-11-SVK
Adversary Case No. 10-02671-SVK

Debtors.

---

BULK PETROLEUM CORPORATION,

        Plaintiff,

v.                      Case No. 11-C-28

MT. EVEREST REAL ESTATE
HOLDING COMPANY, LLC,

        Defendant.

---

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

---

Defendant Mt. Everest Real Estate Holding Company, LLC ("Mt. Everest") responds to the Motions in Limine and other issues raised by the Plaintiff in its Pretrial Report as follows:

### I. PLAINTIFF SHOULD BE REQUIRED TO PROVE THE ELEMENTS OF ITS ACTION IN REPLEVIN

On February 16, 2010, the Court issued its Decision and Order withdrawing the reference of the case to the Bankruptcy Court. In the Decision (page 3), the Court stated:

> Bulk's adversary complaint seeks the return of personal property. Although Bulk does not label it as such, this is an action for replevin. Wis. Stat. ch. 810; Fed. R. Civ. P. 64(b); Bankruptcy Rule 7064; *Smith v. Wisconsin Inv. Co.,* 89 N.W. 829, 831 (Wis. 1902) (Allegation of ownership and wrongful detention sufficient to aver replevin). Replevin is a commonly recognized legal remedy.

Robert K. Steuer
Attorney at Law
320 E. Buffalo St. – Suite 611
Milwaukee, WI 53202
(414) 220-4280
(414) 271-4381 (Fax)
bob@rksteuer.com

Section 810.13(1) of the Wisconsin Statutes provides as follows:

> "Upon the trial, the court or jury *shall* find *all* of the following:
> (a) Whether the plaintiff is entitled to possession of the property involved.
> (b) Whether the defendant unlawfully took or detained the property involved.
> (c) The value of the property involved.
> (d) The damages sustained by the successful party from any unlawful taking or unjust detention of the property to the time of trial." (emphasis supplied).

Plaintiff's Motion in Limine contends that the only issue which must be decided is whether the 13 items or groups of property listed in Paragraph 11 of the Complaint are fixtures or not, and that all other conclusions flow from that determination. Mt. Everest concurs that the issues in the case include whether pump dispensers, a sign, and a canopy (all of which are bolted to concrete bases and cannot be removed without unbolting the items and blasting the bases) are attached to, adapted to, and intended to be permanently affixed to the real estate[1], but those are not the only issues. As to some of the property in this case, ownership, unlawful detention and value are important elements and issues. Section 810.13(1) Wis. Stats. itemizes the elements which must be proven in order for a party to recover in replevin; the elements are not optional. Section 810.13(1) requires "the Court or jury shall find all of the following." Plaintiff has submitted no authority to support its proposition that this Court can ignore the relevant provisions of the Wisconsin statutes and make an *ad hoc* determination of what should be proved by a plaintiff seeking replevin of personal property.

Plaintiff also argues (page 2, last paragraph), incorrectly, that it has the protection of the automatic stay under Section 362 of the Bankruptcy Code; the observation would be correct, if Mt. Everest were suing Plaintiff, but that is not the case. The automatic stay was lifted by the Bankruptcy Court to allow the sale of the real estate, and is therefore not implicated in this case in any way. Plaintiff next contends (Page 2, last paragraph) that it can seek a turnover of

---

[1] Mt. Everest suggests that at the close of evidence this issue can be answered by the court favorably to Mt. Everest as a matter of law. *Wisconsin DOR v. A.O.Smith Harvestore*, 72 Wis. 2d 60, 240 N.W. 2d 357 (1976).

property of the estate through §541. Again, the observation is incorrect; §541 merely defines the property of the estate, and if Plaintiff prevails, then any recovery would become property subject to distribution under its confirmed Chapter 11 plan. A motion seeking a turnover of personal property, employed in the bankruptcy courts, has already been determined not to be available in the Court's decision of February 16, 2011[2], where the Court noted in footnote 2 (page 4):

> "As discussed above, Bulk's claims are common law claims which 'would exist irrespective of the bankruptcy environment.' *In re Coe-Truman Tech., Inc.,* 214 B.R. 183, 817 (N.D.Ill. 1997). Bulk argues that this is a core 'turnover' proceeding, 28 U.S.C. §157(b)(2)(E), but such is not the case where, as here, 'there exists a legitimate dispute over ownership of the property.' *In re CIS Corp.,* 172 B.R. 748, 760 (S.D.N.Y. 1994)."

Mt. Everest has attached to its pretrial report a proposed verdict form which includes all of the statutory elements of replevin for each of the items listed in the Complaint. Until trial, no conclusion can be reached as to which of the statutory elements is, or is not, in dispute.[3] Neither the convenience to the plaintiff nor the difficulties of proof of a statutory element provides a basis for the Court to eliminate an element of the cause of action; Section 810.13(1) Wis. Stats. specifies the elements which plaintiff must prove in order to recover, and plaintiff has shown no basis for eliminating its burden of proof on any of those issues. Plaintiff's first motion in limine is unsupported in law, and should be denied.

## II. SUMMARY DISPOSITION OF PLAINTIFF'S CLAIMS TO SUBSTANTIAL PROPERTY IS NOT SUPPORTED BY THE RECORD.

Based upon correspondence from counsel for the State Bank of Chilton during the foreclosure proceeding, plaintiff seeks favorable summary disposition of its claims to 9 of the 13

---

[2] At the time of this court's decision, *Stern v. Marshall* was under advisement in the Supreme Court of the United States; the decision was rendered on June 23, 2011 (564 U.S. ____), and provides an alternate basis for this court's decision to withdraw the reference, i.e., that the bankruptcy court lacked subject matter jurisdiction to decide this case.

[3] Because issues are commonly resolved or withdrawn by stipulation, the Bulk's comment (Motion, page 1) that counsel for Mt. Everest "terminated" discussions deserves clarification. Counsel for Mt. Everest submitted a substantial proposed stipulation of facts to counsel for Plaintiff on July 22, and received no response until August 16; the response, like Plaintiff's pretrial report, attempted to attach substantive significance to pretrial communications among attorneys, specifically the statements by Attorney Burnett. Counsel for Mt. Everest is uwilling to risk the misinterpretation and misuse of contents of pretrial negotiations, and therefore has terminated the negotiations he commenced.

items listed in Paragraph 11 of the Complaint. The issue is not properly before the Court, nor does the record support the plaintiff's contentions.

Bulk relies upon letters among counsel during the course of the foreclosure proceeding, which are clearly inadmissible in evidence under Rule of Evidence 408(a), as statements made in compromise negotiations regarding the claim. Had Plaintiff moved for partial summary judgment, the letters would not have been admissible, even if authenticated by affidavit. Rule 56 (c)(2) F.R.Civ.P. Although Plaintiff's motion is labeled a motion in limine, it has been brought well beyond the deadline set by Judge Kelley of March 11, 2011, for dispositive motions (Decision of February 16, 2011, page 4). Procedurally, being out of time and improperly presented, the motion is not properly before the court.

As a matter of law, any statements by the Bank's counsel are irrelevant. Mt. Everest purchased the Morgan Station at a judicial sale, and received a deed from the Sheriff of Milwaukee County. As such, Mt. Everest received the Sheriff's title to all fixtures included in the real estate. Knowledge of the claim asserted by Bulk, or any statements made by the counsel for the Bank, did not define either fixtures or the title received by Mt. Everest from the Sheriff of Milwaukee County. To allow claims of such knowledge to disrupt judicial sales would inhibit bidding and chill judicial sales, and therefore such knowledge is not a factor as a matter of law. *Columbia Inter. Corp. v. Kempler,* 46 Wis. 2d 550, 567, 175 N.W. 2d 465, 473 (1970).

Furthermore, as a matter of law, communications among counsel during the course of the litigation are not binding stipulations. Section 807.05 Wis. Stats. A concession made for strategic reasons, as disclosed by the content of the letters, is not a stipulation and is not binding on the party. *Fritz v. Fritz,* 231 Wis. 2d 33, 605 N.W. 2d 270, ¶¶ 15-20 (Ct. App. 1999). No showing has been made that there ever existed an agreement as to what was, and what was not, a fixture, and therefore the statements in the letters were not binding on the Bank, and not binding on Mt. Everest under any theory.

Attorney Burnett's letters fail to support Plaintiff's contentions with respect to any of the specific items listed in Paragraph 11 of the Complaint and fail even to reference the "b. Ruby Veriphone point of sale system *and computers*; c.Tank monitors and probes; d. Distribution box, e. PAM box; …i. Submersible pumps; j. Drop tube and overfill protection system; k. Adapters; l. Air pump and vacuum station…" (Complaint ¶11), which Plaintiff claims were conceded to be fixtures by the letters. The first letter, to counsel for Amcore Bank dated May 10, 2010, (Exhibit A) indicates that the Bank makes no claim to several specific items of equipment and inventory, although suggesting that the items may be owned by the tenant or a lessor[3]. There is no response to the letter. The second letter, to counsel for the creditors' committee dated May 26, 2010 (Exhibit B), indicates that the Bank has little interest in some of the fixtures, identified as the fuel dispensers, underground tanks, canopies and signage despite being "attached to the real estate and are fixtures." In the last paragraph, Attorney Burnett again references some of the interior equipment unrelated to the first 12 items enumerated in the Complaint as being "in all likelihood leased to the existing tenant." The Bank had no interest in that equipment, but Plaintiff must prove its ownership to recover. No response to that letter has been provided, and no stipulation was reached.

Exhibit C consists of an exchange of emails, the most pertinent being the email from Attorney Burnett dated October 15, 2010, responding to an assertion that plaintiff intended to remove "dispensers, POS equipment, other fuel system equipment and misc inside equipment," which states as follows:

> "Your removal of that equipment would be the removal of fixtures. Fixtures have become so attached to the real estate that they are not to be removed and their removal would also be theft.

---

[3] Ownership of some of the property is an issue in this replevin action; in this case, Mt. Everest subsequently purchased the personal property of the tenant, and therefore has a real interest in determining what contents of the station Plaintiff claims to own.

5

> "You do reference miscellaneous inside equipment. The State Bank of Chilton has no claim on inside equipment that do not constitute fixtures. Perhaps you should identify what miscellaneous inside equipment you plan on removing. If it is truly personal property, we have no interest in it."[4]

Bulk did not remove anything, at any time. As a result, an issue exists as to whether or not the "interior equipment and property," to the extent it is not affixed to the realty, was ever unlawfully detained from the Plaintiff.

Not only is the exchange of communications inconclusive as to any agreement regarding the fixtures vs. personalty issue, but the Court record is crystal clear that the issue remained unresolved for future judicial determination. The Order Confirming Sale (Complaint Exhibit H, p. 40 of 51) acknowledges (p.42) the dispute between the Bank and Mt. Everest on one side versus the Plaintiff and others on the other and states:

> With regard to *any and all fixtures and/or personal property on the site* ("Disputed Items"), the Court makes no determination as to their legal status. The Court will defer the entry of any order regarding Disputed Items including but not limited to, dispensers of petroleum, the tank monitoring system and the POS system, the underground storage tanks, canopy and signage. The parties have stipulated that the Disputed Items will remain on the site … until such time as either the United States Bankruptcy Court or the Circuit Court of Milwaukee County is in a position to enter an order regarding the Disputed Items….(emphasis supplied).

The issue remains unresolved for resolution in this court.

The transcript of the hearing, attached to the Motion in Limine as Exhibit D, similarly makes it crystal clear that there was not, as contended by Plaintiff in the Motion in Limine (p.3) a concession that "fixtures ran only to the equipment and personal property outside of the convenience store building;" to the contrary the transcript, like the Order Confirming Sale,

---

[4] In this litigation, Mt. Everest has taken the same position. Mr. Everest's Answer to the allegations of the inside equipment in Paragraph 11 states as follows:
> "To the extent that any 'interior equipment and property' is not affixed to the real estate, Defendant has no knowledge as to the ownership thereof but makes no claim with respect thereto, and demands that Bulk, to the extent it is the owner, remove said personal property forthwith and in the event Bulk fails to do so, that its interest be deemed to be abandoned."

indicates a stipulation by Plaintiff, among others, that no determination had been made as to any item of property. Plaintiff's suggestion that a concession had been made, and that Mt. Everest knew about it, is contrary to the documents it has submitted in support of its motion.

Plaintiff stipulated with the State Bank of Chilton, a creditor in the bankruptcy case, to lift the automatic stay to permit the foreclosure in the Circuit Court, and then stipulated in the Circuit Court to confirmation of the sale of the real estate to Mt. Everest. Plaintiff then had the option of having the Circuit Court clarify the description of the property being sold. However, once Plaintiff then opted to seek its relief (of entering on Mt. Everest's real estate to remove items both parties claimed to own) in a forum other than the foreclosure proceedings (where Mt. Everest had become a party), the appropriate form of relief was a common law action in replevin, which is pending in this court. Mt. Everest did not, and could not, stipulate to subject matter jurisdiction to decide Plaintiff's common law claim in the bankruptcy court. The legal status of all "fixtures and/or personal property" remains to be determined in this court on the basis of competent evidence, and an order should be entered precluding any reference to the litigation observations of Attorney Burnett.

### III. OTHER ISSUES RAISED IN THE PRETRIAL REPORTS SHOULD BE CONSIDERED, AND PERHAPS RESOLVED, PRIOR TO TRIAL

Bulk's Pretrial Report and agreement concerning the applicable law raise issues which are appropriately addressed for full consideration by the court before trial, and Mt. Everest will address several of them at this time.

The case law clearly establishes that Bulk's definitions and characterizations of property are not relevant to the issue of intent, or any other issue.

> The determinative intent is that of the annexor (in this case the farmer), and the question is whether he intends to make a permanent accession to the freehold. This intention is 'not the actual subjective intent of the landowner making the annexation, but an objective and presumed intention of that hypothetical ordinary reasonable person, to be ascertained in the light of the

7

> nature of the article, the degree of annexation, and the appropriateness of the article to the use to which the realty is put.'

> W*isconsin DOR v. A.O.Smith HarvestoreProds., Inc.,* 72 Wis 2d 60, 68-9, 240 N.W.2d 357, 361 (1976).

Plaintiff's subjective intent, and the subjective intent of others in the same business, as to financing, tax depreciation, and accounting practices, are not relevant to the issue of the objective intent to make a permanent accession to the freehold. *Id.* Indeed, intent may be conclusively established by the fact that the items were adapted to the use of the realty (a gas station/convenience store) and used in that manner. *Premonstratensian Fathers v. Badger Mut Ins. Co.,* 46 Wis. 2d 362, 272-3, 175 N.W. 2d 237, 242-3 (1970). *Harvestore,* 72 Wis. 2d at 69, 240 Wis. 2d at 361. Plaintiff should not be allowed to introduce evidence about how it treats gas station equipment, or how that equipment is treated in the trade; the evidence is irrelevant and misleading.

Plaintiff's arguments, and its proposed form of verdict, suggesting that the annexation must be permanent, are contrary to the law as set forth in the above cases, and the law more clearly applied in another case cited by Plaintiff, *Leisle v. Welfare Bldg. & Loan Assn.,* 232 Wis.440, 287 N.W. 739 (1939), holding that rollaway beds in an apartment building, which had been purchased by the owner, were intended to be part of the realty and were fixtures, despite the lack of physical annexation, holding that "the matter of physical annexation of the article to the freehold is relatively unimportant." 232 Wis. at 244, 287 N.W. at 739. In this case, the evidence will show that each of the first twelve items, and several of the pieces of interior equipment, is annexed to the realty in some fashion and that all of the items are adapted for the use to which the real estate has been placed, a gas station/convenience store. "Permanent annexation" is never required, and any argument to the contrary should be precluded.

Plaintiff's arguments concerning the burden of proof are circular; the automatic stay was lifted to allow the sale of the realty, and the sale of the realty to Mt. Everest was confirmed,

thereby removing the realty from the bankruptcy estate. If the items are fixtures and therefore part of the realty, they were sold and are not property of the estate. Although §541 expansively defines property of the estate, it does not say that anything the debtor claims is property of the estate, nor does it shift the burden to a third party to disprove the claim of a debtor. Plaintiff, the party seeking relief from this court, must prove by establishing the elements of its cause of action showing that it is entitled to relief, and the fact that Plaintiff is a bankruptcy debtor does not change its burden. Plaintiff has the burden of showing that the items it seeks to recover from Mt. Everest are personal property.

Plaintiff has indicated that the parties have stipulated to the admission of certain evidence; no stipulation was ever suggested to Mt. Everest, and none has been agreed to. It appears to counsel that many of the exhibits are not relevant, and no stipulation should be anticipated.

Finally, as indicated above, Plaintiff's instructions and form of verdict significantly misstate the law. No case suggests that a fixture must be "permanently affixed," nor is there any authority suggesting that a fixture must be "specifically adapted for use on the particular site." Plaintiff should be precluded from presenting any such arguments to the jury.

### IV. CONCLUSION

The resolution of the issue of whether *any* item was personal property or a fixture in the Circuit Court was clear; no determination was made. Plaintiff's arguments that Mt. Everest was somehow foreclosed from claiming that some items are fixture are without support, and no evidence should be presented to the jury to suggest otherwise. Plaintiff must show that it is entitled to the remedy of replevin by proving all of the statutory elements as to each item it seeks to recover, and it should not be allowed to present evidence or arguments to the jury which misstate, or are irrelevant to, the law.

Respectfully submitted,

Mt. Everest Real Estate Holding Company LLC

By: ____*/s/ Robert K. Steuer*_____

   Robert K. Steuer, its attorney

**Drafted by:**
Robert K. Steuer
Attorney at Law
320 E. Buffalo St. – Suite 611
Milwaukee, WI 53202
(414) 220-4280
(414) 271-4381 (Fax)
bob@rksteuer.com