**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**BULK PETROLEUM CORPORATION,**

               **Plaintiff**,

v.                                           Case No. 11-C-0028

**MT. EVEREST REAL ESTATE**
**HOLDING COMPANY, LLC,**

               **Defendant**.
_____

**In the Matter of:**

**BULK PETROLEUM CORPORATION,**               Bankr. Case No. 09-21782-11-SVK
*et al.*,                                                            Adv. Case No. 10-02671-SVK

               **Debtors**.
_____

**PLAINTIFF BULK PETROLEUM'S REPLY BRIEF**
**IN SUPPORT OF MOTIONS IN LIMINE**
_____

*ARGUMENT*

The motion in limine briefs raise three issues: (1) the presumption and burden of proof as to when personal property becomes a fixture, (2) the lack of genuine dispute that certain computers and other equipment are not affixed to the real estate and thus not fixtures and, (3) the nature of the evidence that may be presented to show the intent behind the installation of the gas pumps, signage and canopy at the Morgan Avenue Property. Bulk replies to each of these issues below.

Joseph R. Cincotta
Justin M. Mertz
Jerome R. Kerkman
Kerkman & Dunn
757 North Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414. 277.8200
Facsimile: 414.277.0100
Email: jcincotta@kerkmandunn.com

1. **This Court's Decision To Withdraw The Reference And Grant A Jury Trial To Mt. Everest Does Not Reverse or Modify The State Court Order Confirming The Foreclosure Sale, Which Only Allows Mt. Everest The Opportunity To Show That Items of Disputed Personal Property Are Fixtures.**

The State Court Order confirming the foreclosure sale was entered after submissions by all parties. These included the State Bank of Chilton ( Mortgagee), Bulk, representing its own interest *and* the creditors committee's interest in personal property at the Morgan Avenue Property, and Mr. Subedi, the owner of Mt Everest. Judge Seifert's order as stated on the record provides that the personal property at the Morgan Station is to be held by and may be used by Mt. Everest but is not owned or presumed to be owned by Mt. Everest:

> So now we have to let the purchaser know that when he pays the rest of the money, he doesn't know yet what fixtures and/or personal property on the site, hereinafter "disputed items," the Court makes no determination to the legal status at this time. ….. The purchaser, Mount Everest Holding Company will be allowed to use them in the normal course of business but shall not transfer, dispose of them or destroy them or anyway damage their value until the U.S. Bankruptcy Court determines whether they are fixtures belonging to the purchaser or whether they are personalty which remains in the bankruptcy estate ….

(See Exhibit D to Motion in Limine - Transcript at ECF p. 48-49.)

Counsel for Mt. Everest agrees that the issues in the case are whether the gas pumps, a sign and a canopy meet the requirements for whether they are fixtures. (Mt. Everest's brief at p. 2.) Mt. Everest argues that additional elements of common law replevin must also be tried, though this is contrary to the State Court's order. The State Court confirmation order and ruling on the record describe the narrow issue that remained open at the confirmation hearing – whether the items of personal property located at the Morgan Avenue station are fixtures. *Id.* Despite this, Mt. Everest continues to argue that Bulk must prove a full replevin action in order to confirm its ownership of the gas pumps, POS system, canopy and signage. This argument ignores the confirmation order, and in so doing avoids the primary issue raised here, which is, what is the presumption as to the nature of the disputed property and who has the burden of proof.

The presumption under real estate law nationwide and likewise under the Wisconsin cases is that personal property remains personal property absent a showing of the following elements:

> ***Whether articles of personal property are fixtures,*** i.e., real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold.'
> …..
>
> It is the application of these tests to the facts of a particular case which will lead to a determination of whether or not an article, otherwise considered personal property, constitutes a common-law fixture, and hence takes on the nature of real property.

*Premonstratensian Fathers v. Badger Mutual Insurance Co.,* 46 Wis.2d 362, 367 (1970).

While the Supreme Court's opinion in *Premonstratensian* does not discuss the issue under the doctrine of the burden of proof, the three part test itself shows that the presumption is that personal property remains as such absent being shown to be a fixture. The test is not phrased as "an item is a fixture unless the following are not shown." Rather it is only a fixture if the three prongs of the common law test are met. *See also Citizens Bank of Michigan v. Hansom*, 497 N.E.2d 581 at ¶ 5 (Ind. 1986) (if there is doubt as to intent the property remains personal).

Further, the nature of the three part test requires that each element must be proven by the proponent of an item being considered a fixture. There is no other way to read and apply the test. Mt. Everest ignores this issue but persists in arguing with no citation to legal support that Bulk must, in effect, disprove that the items in dispute are fixtures. This reverses the presumption and with it the burden of proof. Adopting Mt. Everest's approach is unworkable under the undisputed legal standard for when an item is a fixture. Forcing Bulk to try the case to a jury while having the jury viewing Mt. Everest as already having rights to the disputed items is prejudicial and contrary to the State Court order and the decisional law.

Mt. Everest actually acknowledges that, "If the items are fixtures and therefore part of the realty, they were sold [at foreclosure] and are not property of the estate." (Brief at p. 9.) This

argument concedes that if the items are not fixtures, then there are property of the bankruptcy estate and contrary to Mt. Everest's argument protected under the automatic stay in § 362. Moreover, the key word in Mt. Everest's phrasing is *"If"*. Mt. Everest is correct when it realizes that the issue is whether the items of personal property are fixtures, not the other way around. However, it reverses this position later in the same paragraph of its brief arguing that, "Plaintiff has the burden of showing that the items it seeks to recover from Mr. Everest are personal property." *Id.* There is no citation to any authority for this assertion because it is erroneous. Wisconsin decisional law and common sense show that Mt Everest is incorrect – the presumption is that personal property is personal property. The burden is on the proponent to show otherwise.

Mt. Everest's argument – that Mt. Everest owns the property unless Bulk can show it is not a fixture – is based merely on the caption of this matter listing Bulk, first, as plaintiff. Mt. Everest is essentially seeking a windfall by arguing that because this Court has framed this matter as an adversary proceeding with Bulk in the position as plaintiff, Bulk must prove the negative – that the personal property are not fixtures. While this Court did observe that this matter was akin to a replevin in its ruling on withdrawal of the reference, Bulk properly filed a declaratory action seeking a determination only as to whether the disputed items were fixtures. This is exactly as called for by the State Court confirmation order, *and agreed to by the parties to that proceeding*. Bulk did not and does not agree that it must (i) take on the burden of proving that items that are presumed personal property remain so nor (ii) prove the other elements of replevin in order to retain its personal property from the Morgan Avenue station.

The State Court order does not allow Mt. Everest to assume ownership. That is what its argument is seeking. Bulk and the creditors committee stipulated to lift the § 362 stay and later to

4

the confirmation of sale order by Judge Seifert. However, in doing so, neither Bulk nor the creditors stipulated that the burden of proving that the property was *not* a fixture rests with Bulk.

Mt. Everest's underlying, "possession is 9/10ths of the law approach" is contrary to what is allowed for under the confirmation order. The only issue is whether the items are fixtures or not. And contrary to Mt. Everest, all else does flow from that determination. Mt. Everest has the burden of showing that the items are fixtures and is incorrect in arguing that this Court cannot frame the issues for trial so the jury is presented with that issue. The Court has broad discretion in instructing the jury and in adopting a special verdict called for by the facts and the law in a particular case. *See Fed. R. Civ. P. 49; Matter of CLDC Management Corp.* 72 F.3d 1347, 1353 (7thCir.1996) (a trial court has wide discretion in submitting special verdicts to the jury in order to facilitate its comprehension of the issues.)

> 2. ***The Bank, with Mt. Everest's knowledge, acknowledged that it had no interest in items inside the gas station and thus never had a legal claim to such personal property.***

Mt. Everest admits that the State Bank of Chilton had no interest in the equipment and property inside the gas station: "The Bank had no interest in that equipment, but Plaintiff must prove its ownership to recover." (Brief at p. 5.) As noted above, Bulk does not have the burden to prove ownership. Further, because the Bank had no interest in the equipment inside the store, it could not have foreclosed upon it. Thus, Mt. Everest cannot have obtained any of those items at the foreclosure Sheriffs sale.

Moreover, Mt. Everest admitted in its answer, as it acknowledges in its brief, that it is not claiming anything that is "not affixed to the real estate." (See Defendant's Answer at ¶11; see also brief at p. 6 n.4.)

The primary items listed in Bulk's complaint include the canopy, sign and gas pumps (Bulk has waived any claim to the underground storage tanks "USTs"). These are outside equipment that are bolted and/or installed at the pump island and above it. The remaining items are not in any way "affixed to the real estate." This is particularly true of the so-called POS or point of sale system. This is a credit card reader and associated computer components and wires. Mt. Everest appears to be preparing to claim that because the credit card/POS system is connected by wires to the pumps it is a fixture. But these items are not fixtures as a matter of law. That is likely why the attorney for the State Bank of Chilton acknowledged that it was not interested in those items. Mt. Everest must be held to its admissions and the assertions in its pleadings that it is not seeking anything that is not affixed to the real estate. As Mt. Everest previously agreed, the only items at issue are those outside the gas station building including the pump, signage and canopy.

Further, while Mt. Everest argues that admissions and statements by Counsel for the Bank should not be relevant in this matter, they are. These statements are the equivalent of judicial admissions and should be held binding on the Bank and thus on the personal property that was foreclosed upon, and that which was not. *Bray v. Gateway,* 323 Wis.2d 421, 432-33 (Ct.App. 2009); *City of Wisconsin Dells v Dells Fireworks*, 197 Wis.2d 1, 17 ( Ct.App.1993).

Mt. Everest cites to *Columbia International Corp v. Kempler,* 46 Wis.2d 550, 567 (1970) as support for its argument that a party can renege on its waiver of claim to certain property in a foreclosure. But that case does not support Mt. Everest. In *Columbia International*, the Supreme Court addressed whether a claim against a receiver that was not valid could be resurrected against the subsequent purchaser of certain property from the receiver. *Columbia International*, 46 Wis.2d at 567. In such a case allowing the claim would be problematic to judicial sales, as pointed out by Mt. Everest. But Bulk's claim against the Bank (the analogy to the Receiver in the cited case) was

6

not ruled on and is not invalid. Rather, the Bank was aware of the claim, acknowledged that it had no rights to personal property that were not fixtures. Further, Mt. Everest also knew of Bulk and the creditor's committee's interest and claim to the equipment and personal property at the Morgan Avenue station. There is no harm in holding the Bank to its waiver of any interest in equipment inside the station, in particular because it is not affixed to the real estate in any event. As described, the Bank actually waived rights to all the equipment including the pumps and signage by its two May 2010 letters. Bulk is not seeking to bind the Bank to those concessions. But contrary to Mt. Everest's brief, Bulk did try to gather its property from the Morgan station. Only then did counsel for the Bank renege on his earlier admissions and waiver. As a result Bulk was forced to engage in the State foreclosure proceeding and now this matter.

> 3. ***The elements of showing what is a fixture including the intent of the person who installed the gas pumps and canopy and sign may and practically must be shown from all relevant evidence including industry and past practice with similar equipment.***

Mt. Everest also argues that evidence of the method of accounting for the personal property versus the real property at the time of Bulk's purchase of the Morgan Avenue station, as well as Bulk's past practice in using and at times removing and relocating gas pumps and signage and canopies should not be permitted at trial. The argument is that the "subjective" intent of the person initially affixing personal property to the subject real property is not the measure of intent under the three prong test in *Premonstratensian* and other cases.

Mt. Everest's argument is misplaced. Bulk did not place the gas pumps or canopy at the site (though it did place the sign). Thus, it is not in a position to show the specific subjective intent of the persons who did so in the period before Bulk's acquisition of the property. Rather, Bulk is in a position to testify to the manner in which Bulk purchased, and its predecessor sold the property to Bulk, the activity at the Morgan property since its purchase, as well as how Bulk

has used and managed gas pumps, canopies and signage in the past. Contrary to Mt. Everest's argument, these are exactly the types of facts that are relevant to objective intent regarding whether the gas pumps and other equipment were meant to be permanently installed and affixed/annexed to the real property. These facts go to the reasonable and customary use of such personal property. They are therefore directly material to whether a reasonable person in the gas station industry would have intended that the equipment be permanently annexed to the real property.

## *CONCLUSION*

Bulk requests that the Court clarify the burden of proof and presumptions in this matter and also narrow the items of equipment and property that are at issue in accordance with the record and as described above.

Dated: September 5, 2011.

> */s/ Joseph R Cincotta*
> Jerome R. Kerkman
> Joseph R. Cincotta
> Justin M. Mertz
> Kerkman & Dunn
>
> Attorneys for Bulk Petroleum Corporation,
> Plaintiff-Respondent

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI  53202-3612
Phone:  414.277.8200
Facsimile:  414.277.0100
Email:  jcincotta@kerkmandunn.com