**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**In the matter of**
**BULK PETROLEUM CORPORATION, et al.,**

                    Debtors,        **Bankruptcy Case No. 09-21782-11-SVK**
                                               **Adversary Case No. 10-02671-SVK**

---

**BULK PETROLEUM CORPORATION,**

                    Plaintiff,

                                                      **Case No.  11-C-28**

     -vs-

**MT. EVEREST REAL ESTATE HOLDING**
**COMPANY, LLC,**

                  Defendant.

---

**DECISION AND ORDER**

---

      On February 16, 2011, the Court withdrew the reference of this matter from the bankruptcy court because the defendant, Mt. Everest Real Estate Holding Company, LLC, asserted its right to a jury trial. On the morning of trial, Mt. Everest waived its right to a jury. The plaintiff, Bulk Petroleum Corporation, presented evidence on the following issue: are certain items of property associated with the gasoline station at 1301 W. Morgan Avenue fixtures or personal property?  After the close of evidence from the plaintiff, the Court granted Mt. Everest's motion to dismiss.  What follows is an explanation of the Court's ruling and an order to enter judgment in favor of Mt. Everest.  The Court may exercise

jurisdiction over Bulk's complaint because its request for the return of property is related to the chapter 11 proceedings in bankruptcy court. 28 U.S.C. § 1334(b); *see also In re Schmidt*, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011) ("Non-core, related-to proceedings are those which 'could conceivably have [an] effect on the estate being administered in bankruptcy'") (internal citation omitted).

At trial, the items in dispute were narrowed to the following: Gasoline pumps/dispensers, canopy, signage, UST (Underground Storage Tank) monitors and probes, and the Ruby Veriphone POS (Point of Sale) system. To determine whether these items are fixtures, the Court analyzes the evidence in light of the following three factors: (1) actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the real estate. *Premonstratensian Fathers v. Badger Mut. Ins. Co.*, 175 N.W.2d 237, 239-40 (Wis. 1970). The third factor, intent of the annexor, is the most important factor. "The determinative intent is that of the annexor . . ., and the question is whether he intends to make a permanent accession to the freehold. This intention is 'not the actual subjective intent of the landowner making the annexation, but an objective and presumed intention of that hypothetical ordinary reasonable person, to be ascertained in the light of the nature of the article, the degree of annexation, and the appropriateness of the article to the use to which the realty is put.'" *Wis. Dept. of Rev. v. A.O. Smith Harvestore Prods., Inc.*, 240 N.W.2d 357, 360-61 (Wis. 1976).

The evidence at trial demonstrated that all of these items were physically annexed to the real estate, either by bolts, screws and concrete (signage, canopy, pumps/dispensers) or through bolts and/or wiring (UST monitors, POS system). These items could be physically removed, but to do so would undermine if not foreclose the possibility that the realty could be a functioning gasoline station. A gas station cannot run without pumps and tank monitors. It cannot run efficiently without a system to run credit card transactions. It cannot advertise without a foundation for signage. And modern, self-service gas stations need a canopy to protect people and their cars from the weather while they pump gasoline. Thus, these items were adapted to the realty for the sole purpose of running a gas station. They remain attached to the realty until the gas station stops functioning or until an item stops functioning and needs to be replaced. This method of adaptation is conclusive evidence of objective intent. "In several cases this court has held that, when the article in question is clearly adapted to and is in fact put by the owner of the realty to the use to which he has devoted the realty, this is conclusive evidence of an intent to make a permanent accession to the realty." *Harvestore*, 240 N.W.2d at 361.

**IT IS HEREBY ORDERED THAT** Mt. Everest's motion to dismiss is **GRANTED**. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment in favor of Mt. Everest.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2011.

                                  **BY THE COURT**:

                                  */s/ Rudolph T. Randa*
                                  _____
                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**